UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AMIR MESHAL,

                Plaintiff,

    v.

CHRIS HIGGENBOTHAM, *et al.*,

                Defendants.

No. 09-cv-2178 (EGS)

---

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On March 3, 2011, Defendants notified this Court of the decision of the United States District Court for the District of South Carolina in *Lebron v. Rumsfeld*, No. 2:07-410-RMG, 2011 WL 554061 (D.S.C. Feb 17, 2011), *appeal docketed* No. 11-6480 (4th Cir. Apr. 13, 2011). Defendants argue that the *Lebron* opinion supports the dismissal of Mr. Meshal's Fourth and Fifth Amendment claims on *Bivens* special factors grounds and all of his claims on qualified immunity grounds. Both arguments are unpersuasive.

First, the special factors analysis in *Lebron* is squarely contrary to *Padilla v. Yoo*, a *Bivens* case brought by the same plaintiff raising substantially similar claims. *Compare Lebron*, 2011 WL 554061 at *10-12, *with Padilla v. Yoo*, 633 F. Supp. 2d 1005, 1022-29 (N.D. Cal. 2009), *appeal docketed* No. 09-16478 (9th Cir. July 14, 2009). The *Yoo* court held that neither foreign affairs nor national security concerns precluded a U.S. citizen torture victim from pursuing constitutional claims against a former government official, particularly given the lack of alternative remedies and the differences between the plaintiff's case and those cases in which *Bivens* claims have been dismissed on special factors grounds. *Yoo*, 633 F. Supp. 2d at 1022-29. The *Lebron* holding is also contrary

to *Vance v. Rumsfeld*, 694 F. Supp. 2d 957 (N.D. Ill. 2010), *appeal docketed* No. 10-1687 (7th Cir. Mar. 22, 2010), in which a district court held that special factors did not preclude a *Bivens* action against the Secretary of Defense by a U.S. citizen who was detained and interrogated in an active warzone.  *Id*. at 972-75.  Its reasoning counsels against acceptance of Defendants' call for a sweeping "national security" exemption for violations of an American citizen's Fourth and Fifth Amendment rights.  This is especially true here, where, as in *Bivens* itself, Mr. Meshal challenges the misconduct of federal law enforcement officers, rather than of military officials.  *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Nor does *Lebron* support a grant of qualified immunity to the Defendants on Mr. Meshal's Fourth and Fifth Amendment claims challenging his prolonged, arbitrary and indefinite detention without access to courts, or to Defendants Hersem, Higgenbotham or John Doe 1 on his Fifth Amendment and Torture Victim Protection Act (TVPA) claims. In *Lebron*, the district court held that the defendants were entitled to qualified immunity from claims under the Constitution and the Religious Freedom of Restoration Act challenging Padilla's designation and detention as an enemy combatant and "the treatment afforded [to him] while detained . . . including the alleged use of certain coercive interrogation techniques."  *Lebron*, 2011 WL 554061 at *13.  The qualified immunity analysis in *Lebron* is plainly incorrect because the lack of a court decision "specifically and definitively" addressing the rights of individuals designated as enemy combatants, and the existence of two Department of Justice memoranda "officially sanction[ing]" the use of the challenged interrogation techniques on individuals designated as enemy combatants, *see Lebron*, 2011 WL 554061 at *15, do not establish

that the use of such techniques against a U.S. citizen did not violate clearly established rights. *See United States v. Lanier,* 520 U.S. 259, 271 (1997) ("[G]eneral statements of the law are not inherently incapable of giving fair and clear warning."); *see also* Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint at 22-23. In any event, Mr. Meshal has never been designated an "enemy combatant" by any U.S. authority at any time. Any asserted lack of clarity regarding the constitutional and statutory rights of an alleged "enemy combatant" does not bear on the question of whether Mr. Meshal's rights under the Constitution and the TVPA to be free from coercive interrogation—including threats of torture and forced disappearance—during custodial interrogations by law enforcement officers of his own government were clearly established.

For the foregoing reasons, and those expressed previously, Defendants' motion to dismiss should be denied.

Respectfully submitted,

　/s/ Nusrat J. Choudhury_____
Nusrat J. Choudhury
Benjamin E. Wizner
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-549-2500, Fax: 212-549-2583
nchoudhury@aclu.org
bwizner@aclu.org

Jonathan Hafetz
169 Hicks Street
Brooklyn, NY 11201
Phone: 917-350-6896
hafetzj@yahoo.com

____/s/ *Arthur B. Spitzer*____
Arthur B. Spitzer (D.C. Bar No. 235960)

American Civil Liberties Union
  of the Nation's Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Phone: 202-457-0800, Fax: 202-452-1868
artspitzer@aol.com

Hope R. Metcalf
National Litigation Project
  of the Allard K. Lowenstein
  International Human Rights Clinic
Yale Law School
P.O. Box 209090
New Haven, CT 0650-9090
Phone: 203-432-9404, Fax: 203-432-9128
hope.metcalf@yale.edu

*Counsel for Plaintiff Amir Meshal*

April 26, 2011