UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMIR MESHAL,<br>    Plaintiff,<br><br>v.<br><br>CHRIS HIGGENBOTHAM, *et al.,*<br>    Defendants. | No. 09-cv-2178 (EGS) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**DECEMBER 5, 2012 NOTICE OF SUPPLEMENTAL AUTHORITY**

On December 5, 2012, Defendants notified this Court of the decision of the United States Court of Appeals for the Seventh Circuit, sitting en banc, in *Vance v. Rumsfeld*, Nos. 10-1687, 10-2442, 2012 WL 5416500 (7th Cir. Nov. 7, 2012), reversing the earlier panel opinion in that case. Defendants argue that the divided *Vance* en banc opinion supports dismissal on *Bivens* special factors grounds of Mr. Meshal's Fourth and Fifth Amendment claims challenging his prolonged, arbitrary and indefinite detention, illegal rendition, and coercive interrogation by FBI agents. Defendants' arguments are unpersuasive for four main reasons.

First, this case presents none of the unique military considerations that the en banc Seventh Circuit found to be special factors precluding recognition of a damages remedy in *Vance*. As an initial matter, Mr. Meshal's case involves core *Bivens* territory: misconduct by federal law enforcement officials who violated a U.S. citizen's Fourth and Fifth Amendment rights when investigating him for a crime. *See* Pl.'s Resp. to Defs.' Supplemental Mem. in Supp. of Mot. to Dismiss ("Pl.'s Supp. Opp'n Br.") 2–4, ECF No. 53. But even if this Court were to find the context new in some respects, the Seventh

Circuit's decision does not support dismissal because it is undisputed that this case challenges FBI investigative misconduct towards a civilian far from any combat zone. *Compare Vance*, 2012 WL 5416500, at *4 (plaintiffs sought "a damages remedy against military personnel who acted . . . in a combat zone"), *with* Oral Arg. Tr. 5:7–10, July 12, 2011 (two statements by defense counsel conceding that the FBI defendants' alleged mistreatment of Mr. Meshal was "not in a war zone").  Because Mr. Meshal's claims do not concern the "military chain of command," litigation of this suit would not, under the Seventh Circuit's reasoning, make "the Secretary of Defense care less about the Secretary's view of the best military policy, and more about the Secretary's regard for his own finances" and thus exact "an uncertain cost in national security." *Vance*, 2012 WL 5416500, at *5.  None of the military considerations that the Seventh Circuit emphasized in dismissing *Vance* are present in Mr. Meshal's case.

Second, unlike the *Vance* plaintiffs, Mr. Meshal challenges only the actions of non-supervisory law enforcement officers directly involved in his detention and mistreatment.  He does not seek to hold "remote superiors," including the former Secretary of Defense, personally liable for what the Seventh Circuit described as "authoriz[ing] the use of harsh interrogation techniques" and "not do[ing] enough to bring . . . under control" subordinate interrogators who "used these techniques, without authorization." *Id.* at *4, 8.  The Seventh Circuit's conclusion that affording the *Vance* plaintiffs a damages remedy would "divert[] Cabinet officers' time from management of public affairs" is wholly inapplicable to this case. *Id.* at 8.

Third, the Seventh Circuit's reasoning regarding the import of congressional action and inaction in *Vance* is limited to causes of action by civilians against improper

U.S. military detention and torture.  The Seventh Circuit determined that the Military Claims Act ("MCA"), 10 U.S.C. § 2733, and the Foreign Claims Act ("FCA"), 10 U.S.C. § 2734, provided the *Vance* plaintiffs alternative—albeit partial—remedies for their injuries.  *Vance*, 2012 WL 5416500, at *7.  The court consequently concluded that Congress declined to permit personal liability for military personnel and their supervisors against those plaintiffs' claims, and that the plaintiffs did not need a common-law damages remedy to achieve redress.  *Id*.  But neither the MCA nor FCA are available to Mr. Meshal, a civilian challenging investigative misconduct by law enforcement officers.  For Mr. Meshal, as for the plaintiff in *Bivens*, it is "damages or nothing."  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971) (Harlan, J., concurring).[1]  Without *Bivens*, Mr. Meshal has no recourse to vindicate rights against illegal detention and mistreatment by officials of his own government.[2]

Fourth, Defendants misconstrue Mr. Meshal's argument as to the role of his U.S. citizenship in the *Bivens* special factors analysis and consequently place incorrect emphasis on dicta in the *Vance* en banc decision.  Mr. Meshal does not ask this Court to

---

[1] Only once has the Supreme Court held that a plaintiff who alleged that his constitutional rights were violated by federal officials could not recover against those officials under *Bivens* when there were no alternative remedies.  But that case, *United States v. Stanley*, 483 U.S. 669 (1987), involved the "special factor" of internal military discipline, which is plainly not at issue here.  *Id*. at 683.  The same outcome should not follow.

[2] Mr. Meshal has invoked the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, note, against Defendants Chris Higgenbotham and Steve Hersem for their use of torturous interrogation techniques.  But even if Mr. Meshal has a TVPA remedy (which the government disputes, Defs.' Mot. to Dismiss Pl.'s Am. Compl. 38-45, ECF No. 33), that remedy is confined to a limited category of illegal conduct by two defendants, and does not provide any remedy for the other abuses Mr. Meshal endured during interrogations, his rendition, or his four-month-long detention without due process.

find that his citizenship is the *sole*—or even the *dispositive*—factor weighing in favor of recognition of a damages remedy for the violation of his constitutional rights.  The availability of a *Bivens* remedy is ultimately "a subject of judgment," in which citizenship is an important factor that must be weighed alongside any national security and foreign affairs concerns.  Pl.'s Supp. Opp'n Br. 4; *see, e.g.*, *Doe v. Rumsfeld*, 683 F.3d 390, 396 (D.C. Cir. 2012) (finding that plaintiff's U.S. citizenship "remove[d] concerns . . . about the effects that allowing a *Bivens* action would have on foreign affairs").  Mr. Meshal has shown that his U.S. citizenship and other critical factors, including the fact that his claims concern core *Bivens* territory challenging law enforcement investigative misconduct, weigh in favor of a damages remedy.  Pl.'s Supp. Opp'n Br. 2–4.  The en banc Seventh Circuit's opinion in *Vance* that citizenship is not "dispositive" when "redressing injuries caused by [U.S.] military or intelligence operations," *Vance*, 2012 WL 5416500, at *8, does not diminish the weight afforded to citizenship in deciding whether to afford a damages remedy to Mr. Meshal, an innocent civilian U.S. citizen seeking to enforce Fourth and Fifth Amendment protections outside of a war zone against misconduct by non-supervisory law enforcement agents investigating a criminal matter.

       For the foregoing reasons, and those expressed previously, Defendants' motion to dismiss should be denied.

Respectfully submitted,

/s/ Nusrat J. Choudhury

Nusrat J. Choudhury
Hina Shamsi
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-549-2500, Fax: 212-549-2583
nchoudhury@aclu.org

4

hshamsi@aclu.org

Jonathan Hafetz
169 Hicks Street
Brooklyn, NY 11201
Phone: 917-350-6896
hafetzj@yahoo.com

 /s/ Arthur B. Spitzer
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital Area
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20036
Phone: 202-457-0800, Fax: 202-457-0805
artspitzer@aol.com

Hope R. Metcalf
National Litigation Project
  of the Allard K. Lowenstein
  International Human Rights Clinic
Yale Law School
P.O. Box 209090
New Haven, CT 0650-9090
Phone: 203-432-9404, Fax: 203-432-9128
hope.metcalf@yale.edu

December 21, 2012                    *Counsel for Plaintiff Amir Meshal*